**William Tan LAUREL; Angelita Esquerra Laurel, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–75921.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2005.*

Decided Dec. 12, 2005.

Sydney J. Hall, Esq., Law Offices of Sydney Jay Hall, Burlingame, CA, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: GOODWIN, W. FLETCHER, and FISHER, Circuit Judges.

MEMORANDUM**

William Tan Laurel ("petitioner"), and his wife, Angelita Esquerra Laurel, both natives and citizens of the Philippines, petition for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an Immigration Judge's ("IJ") denial of their applications for asylum, withholding of deportation, and relief under the Convention Against Torture ("CAT"). We review for substantial evidence and may reverse only if the evidence compels a contrary conclusion. *Rostomian v. INS*, 210 F.3d 1088, 1089 (9th Cir.2000). We deny the petition.

Substantial evidence supports the IJ's decision that petitioners failed to establish past persecution or a well-founded fear of future persecution. Because petitioners do not have a well-founded fear of future persecution, their asylum claim fails. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir.2003).

Because petitioners failed to demonstrate that they were eligible for asylum, it follows that they did not satisfy the more stringent standard for withholding of deportation. *See Pedro–Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir.2000).

This court lacks jurisdiction to consider petitioners' CAT claim because petitioner failed to raise the claim before the BIA, and thus failed to exhaust the claim. *See*

*Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004).

Pursuant to *Elian v. Ashcroft,* 370 F.3d 897 (9th Cir.2004), petitioners' voluntary departure period will begin to run upon issuance of this court's mandate.

**PETITION DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the